STATE OF NEBRASKA, APPELLEE, v. KENNETH M. EARLYWINE, APPELLANT.

215 N. W. 2d 895

Filed March 21, 1974.    No. 39231.

Richard J. Bruckner of Schrempp, Bruckner & Dinsmore, for appellant.

Herbert M. Fitle, Gary P. Bucchino, and Richard J. Epstein, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

The defendant was charged with, and convicted of, trespassing under an ordinance of the City of Omaha, Nebraska. He appeals to this court on the ground that the evidence is insufficient to sustain his conviction. We reverse the judgment of conviction and dismiss the case.

A portion of the property of W. T. Grant's store was surrounded by a high steel fence with a gate which could be readily opened when not locked. The gate was nor-

mally locked at night with a cable and padlock. The store on the evening in question closed at 10 p.m. At about 10:43 p.m. the defendant was observed walking outside the fence and was apprehended when a police officer observed the gate was partially open. Another individual who was not apprehended was observed in the vicinity. Nothing had been damaged or removed from the store premises. It was not shown that the gate was locked on the evening in question. The cable and padlock were missing and were never found.

The officers at the scene stated there had been some snow, and pictures disclose a light slushy film on the ground. Two sets of footprints were observed inside the fence and pictures were taken by an experienced police technician. The officers stated that one set of footprints disclosed a ridged-sole pattern similar to that made by the sneakers worn by the defendant, but pictures taken to verify this were not produced. The technician stated that they did not "turn out." He had been a photographer of crime scenes for 13 years.

The evidence indicates the ridged footprints led to the gate from the inside, then there was about a 4-foot area outside the gate where there were no prints, "just wet slushy snow." From this 4-foot area the prints continued to where defendant was apprehended. There is no evidence of footprints leading up to or entering the premises through the gate or of the presence or absence of a trail of footprints running from beyond the gate in the direction from which the defendant had come.

The officer arrived at the scene when defendant was still in the immediate vicinity. Any prints he left were necessarily very fresh but there were none in the slushy 4-foot area in front of the gate. Even "slushy snow" will ordinarily disclose signs of very recently-made footprints.

The fact that defendant was found in the immediate

neighborhood and that there were footprints similar to defendant's on the store property constitute circumstances giving rise to a suspicion of guilt. Mere suspicion or speculation is not sufficient to sustain a conviction. "To justify a conviction on circumstantial evidence, it is necessary that the facts and circumstances essential to the conclusion sought must be proved by competent evidence beyond a reasonable doubt, and, when taken together, must be of such a character as to be consistent with each other and with the hypothesis sought to be established thereby and inconsistent with any reasonable hypothesis of innocence. * * * Any fact or circumstance reasonably susceptible of two interpretations must be resolved most favorably to the accused." State v. Faircloth, 181 Neb. 333, 148 N. W. 2d 187.

The evidence submitted is not inconsistent with the hypothesis that the footprints inside the fence made by a common variety of sneaker were made by some other person and that the defendant was simply passing by. To say the least, it is reasonably susceptible of two interpretations.

We hold the evidence to be insufficient to sustain the conviction of defendant. The judgment of the District Court is reversed and the cause dismissed.

REVERSED AND DISMISSED.