STATE OF NEBRASKA, APPELLEE, V. WILLIAM J. HULSHIZER, APPELLANT.

512 N.W.2d 372

Filed February 25, 1994. No. S-93-277.

Robert D. Coupland for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

BOSLAUGH, J.
Following a trial to a jury, the defendant, William J. Hulshizer, was convicted of sexual abuse of a vulnerable adult. The defendant was sentenced to 4 years' probation, including 180 days in jail. In his appeal to this court, the defendant contends that the evidence was insufficient to support the conviction.

In August 1991, the defendant began working for Bethesda Care Center in Ainsworth, Nebraska. After completing his training, the defendant became a certified nurse's aide, taking care of elderly people. His duties included assisting the residents in using the toilet and cleaning them when they were incontinent.

On the afternoon of January 16, 1992, the defendant, together with other certified nurse's aides, was awakening residents from their afternoon naps and getting them ready for supper. Betty Grebenc, a certified nurse's aide, walked into a bathroom and found the defendant seated on the toilet with a female resident of the care facility sitting on the defendant's lap.

The elderly resident suffered from senile dementia and Parkinson's disease. She was wearing her briefs in place, but had her dress pulled up around her buttocks. Neither the defendant nor the resident had his or her genitalia exposed; however, Grebenc testified that she saw the defendant trying to zip up his pants.

Grebenc lifted the resident from the defendant's lap. The defendant did not offer an explanation, and Grebenc did not ask for one. They proceeded to continue to get the residents up from their afternoon naps.

Grebenc reported the incident to Bethesda's administrator. The defendant told the administrator that he had fallen onto the toilet with the resident on his lap when he tried to prevent

her from falling. He also told her that he was sure his pants were zipped, but if they were not, it was because of a faulty zipper.

Over objection, the State presented evidence that in September 1991, a nurse's aide had walked in on the defendant in a bathroom and observed another female resident on his lap. In that situation, the resident's genitalia were exposed. The defendant stated that the resident had lost her balance, and they had fallen. According to the "charge nurse," this explanation was considered reasonable and accepted as plausible at the time.

In order to convict the defendant of sexually abusing a vulnerable adult, the jury had to find that the defendant subjected the resident, who is a vulnerable adult, to sexual contact (1) by force or (2) knowing she was physically and mentally incapable of resisting his conduct. See Neb. Rev. Stat. §§ 28-351, 28-367, and 28-320 (Reissue 1989). Sexual contact is defined as

> the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. Sexual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor. Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party.

Neb. Rev. Stat. § 28-318(5) (Reissue 1989).

The defendant contends the evidence is insufficient to establish the element of sexual contact. He argues there is no evidence of an intentional touching which can be reasonably construed as being for the purpose of sexual arousal or gratification.

Grebenc's testimony establishes that the resident's buttocks were touching the defendant's lap and that the defendant attempted to zip up his pants when Grebenc walked into the bathroom. Although the defendant's zipper was observed open, no other observations were made. Any evidence of sexual

arousal or gratification is entirely circumstantial.

A reasonable inference from circumstantial evidence is to be taken most favorably to the accused when the circumstantial evidence is the only basis upon which to support a conviction and the circumstantial evidence is reasonably susceptible of two interpretations, one of guilt and the other of nonguilt, and neither inference is stronger than the other. *State v. Mowry, ante* p. 213, 512 N.W.2d 140 (1994); *State v. Covarrubias,* 244 Neb. 366, 507 N.W.2d 248 (1993).

The evidence in this case and the reasonable inferences that could be drawn from it do not support the jury's conviction of the defendant for sexual abuse of a vulnerable adult because the inference that the defendant sexually abused the resident is not stronger than the inference that the defendant fell backward onto the toilet and pulled her onto his lap to prevent her from falling onto the floor.

A conviction cannot be based upon suspicion, speculation, the weakness of the status of the accused, the embarrassing position in which he finds himself, or the mere fact that some unfavorable circumstances are not satisfactorily explained. *State v. Mowry, supra; State v. Ruiz,* 241 Neb. 693, 489 N.W.2d 865 (1992).

The judgment is reversed and the cause remanded with directions to dismiss the information.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.