IN RE INTEREST OF KYLE O., A CHILD
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE,
V. KYLE O., APPELLANT.
703 N.W.2d 909

Filed September 27, 2005. No. A-04-1477.

Bryan C. Meismer for appellant.

Daniel A. Smith, Burt County Attorney, for appellee.

IRWIN, SIEVERS, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

The county court for Burt County, sitting as a juvenile court, adjudicated Kyle O. under Neb. Rev. Stat. § 43-247(1) (Reissue 2004) for sexual contact with another child, in violation of Neb. Rev. Stat. § 28-320 (Reissue 1995). Kyle appeals. Because we conclude that (1) the trial court did not abuse its discretion in excluding an exhibit that was only partially admissible and (2) the State presented insufficient evidence to establish that "sexual contact" occurred, we reverse, and remand with direction to dismiss.

## BACKGROUND

The State filed an amended petition alleging that Kyle committed two instances of third degree sexual assault in violation of § 28-320 and seeking adjudication of Kyle under § 43-247(1). Kyle denied the allegations, and the court subsequently conducted a trial.

At trial, the State presented one witness, an adult apparently related to Kyle. The State's witness testified that his children, who were ages 10, 9, and 7, were Kyle's cousins and that the witness' family lived "[r]ight across the alley" from Kyle. Kyle and the witness' children often played together and had been doing so over a period of years. The witness stated that in May 2004, he was in a detached garage near his house, working on a car, and he was observing the children playing in the yard while his wife was away from home. He testified that because of some prior incidents of an inappropriate nature, he was particularly attentive. He claimed that prior to the incident in question, he had caught Kyle

and his children underneath the bed in the basement of the witness' house, "disclothing [sic] Barbie dolls, showing the kids what to do with Barbie dolls."

The State's witness testified that on the date in question, Kyle was 14 years of age. On that occasion, the witness saw Kyle pull down the pants of another child, S.S., who was 5 years old, and observed Kyle "grab [S.S.'] penis and hold it and showed [sic] my kids how small it was." Upon observing Kyle's actions, the witness came out of the door of the garage, "hollered" at Kyle, and saw Kyle turn away and fold his arms as if to appear that he had done nothing. S.S. resided in the same neighborhood and occasionally came over to play with the witness' children. The witness then told all the children to go home, and S.S. pulled up his own pants.

On cross-examination, the witness testified that he initially told no one other than his wife about the incident. The witness' testimony conflicted as to when he reported the event to police. On one hand, he testified that it "[c]ouldn't have been too many days afterwards" and that he did not "think it was even a week"; but shortly thereafter, he also testified that a meeting on July 22, 2004, was the first time he talked to the police. He attempted to explain, "We talked to the police first, but we went to the police, because they was [sic] family, we tried to do this without going through all this."

The witness claimed that he observed the event, which took about 2 seconds, through an open window in the garage and that he heard Kyle speak, telling the witness' children how small S.S.' penis was. When the witness was asked whether "it look[ed] like [the contact] was for sexual gratification," he responded that he did not know.

After the State rested, Kyle offered no evidence other than a letter from Kyle's counselor, which stated in pertinent part:

> I have discussed with Kyle the allegations of inappropriate touching during several sessions. Kyle has always denied sexually or non-sexually touching anyone. I believe that Kyle is telling the truth. Kyle appears to be immature for his age in some ways. Kyle has expressed disgust and repulsion while discussing sexual material in my office. Which indicates to me that he is . . . still in a pre- or early

adolescent [sic]. During this stage adolescents express little interest in sexual matters. This stage is where children express an interest in becoming more independent from their parents. Kyle chooses to express his independence with minimal rebellion in his home. Kyle expresses a great deal of maturity and independence in fixing things for his mom and working with his grandfather. In my office Kyle prefers to play and show me how he can build things, mostly things with wheels, using connecting blocks. Kyle shows a great deal of interest in anything with an engine or on wheels.

In response to the offer of the exhibit, the State's attorney expressly disclaimed any objection on the basis of foundation or hearsay, but did object on the basis of relevance. The trial court deferred ruling on the objection until after the trial. In a written judgment entered November 30, 2004, the trial court excluded the exhibit and found beyond a reasonable doubt that Kyle had subjected S.S. to sexual contact in violation of § 28-320. Accordingly, Kyle was adjudicated pursuant to § 43-247(1). Kyle timely appeals.

## ASSIGNMENTS OF ERROR

Kyle asserts, consolidated and restated, that (1) the trial court erred in excluding the exhibit that Kyle offered and (2) there was insufficient evidence to support the adjudication under § 43-247(1) or to establish that Kyle subjected S.S. to sexual contact in violation of § 28-320.

## STANDARDS OF REVIEW

■ Cases arising under the Nebraska Juvenile Code are reviewed de novo on the record, and an appellate court is required to reach conclusions independent of the trial court's findings. *In re Interest of Chad S.*, 263 Neb. 184, 639 N.W.2d 84 (2002).

■ Because the exercise of judicial discretion is implicit in determinations of relevancy and admissibility under Neb. Rev. Stat. § 27-401 (Reissue 1995), the trial court's decision will not be reversed absent an abuse of discretion. *In re Estate of Jeffrey B.*, 268 Neb. 761, 688 N.W.2d 135 (2004).

## ANALYSIS

*Exclusion of Exhibit.*

Kyle argues that the trial court erred in excluding the letter from Kyle's counselor. He relies upon the part of the letter which opines that Kyle is emotionally immature for his age. Kyle suggests that this opinion may indicate that adult assumptions about Kyle may be false. We assume that this portion of the exhibit was relevant and would have been admissible.

However, the content of the exhibit was not restricted to such arguably relevant material. The letter also contained expressions concerning Kyle's statements to his counselor about the allegations and an opinion that Kyle was telling the truth. Credibility of a witness is always relevant. *State v. Eldred*, 5 Neb. App. 424, 559 N.W.2d 519 (1997). However, Kyle did not testify at the trial. Even if Kyle had testified at the trial, another principle would have precluded admission of the counselor's opinion that Kyle was telling the truth. Normally, it is improper for one witness to testify as to the credibility of another witness. See *State v. Beermann*, 231 Neb. 380, 436 N.W.2d 499 (1989). We believe the rule has equal application in the situation here, where Kyle did not testify. In the instant case, the counselor's expressions describing Kyle's statements and opining that Kyle was telling the truth were irrelevant. That portion of the exhibit was not admissible. If an exhibit is admissible only in part, it is incumbent on the offeror to select and offer only the admissible part; if one offers both the admissible and inadmissible parts, the trial court may reject the entire offer. *Holman v. Papio-Missouri River Nat. Resources Dist.*, 246 Neb. 787, 523 N.W.2d 510 (1994). We find no abuse of discretion in the exclusion of the counselor's letter.

*Sufficiency of Evidence.*

Pursuant to Neb. Rev. Stat. § 43-279(2) (Reissue 2004), when an adjudication is based upon § 43-247(1), the allegations must be proved beyond a reasonable doubt. *In re Interest of Cory P.*, 7 Neb. App. 397, 584 N.W.2d 820 (1998).

The State sought adjudication on the basis that Kyle committed a sexual assault. Section 28-320(1) states that

> [a]ny person who subjects another person to sexual contact (a) without consent of the victim, or (b) who knew or

should have known that the victim was physically or mentally incapable of resisting or appraising the nature of his or her conduct is guilty of sexual assault in either the second degree or third degree.

Because the State does not assert that Kyle caused serious personal injury to S.S., the alleged sexual assault in the instant case would "be in the third degree and [be] a Class I misdemeanor." Section 28-320(3).

■ Neb. Rev. Stat. § 28-318(5) (Cum. Supp. 2004) defines "sexual contact." Because Kyle's argument does not address or contest the physical touching portion of the definition, we confine our attention to that portion of the definition which states "[s]exual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party." *Id.*

We reject Kyle's argument that the decision in *State v. Hulshizer*, 245 Neb. 244, 512 N.W.2d 372 (1994), "requires that we give all reasonable explanations equal weight and proof beyond a reasonable doubt cannot be found just because one explanation points towards guilt." Brief for appellant at 8.

*Hulshizer* concerned an alleged abuse of a vulnerable adult. There, a female certified nurse's aide in a nursing home facility walked into a bathroom and found the defendant, a male certified nurse's aide, seated on the toilet with a female resident of the care facility sitting on the defendant's lap. The elderly resident suffered from senile dementia and Parkinson's disease. She was wearing her briefs in place, but had her dress pulled up around her buttocks. Neither the defendant nor the resident had his or her genitalia exposed; however, the witness testified that she saw the defendant trying to zip up his pants. The Nebraska Supreme Court stated that under those circumstances, any evidence of sexual arousal or gratification was entirely circumstantial. The Supreme Court recited the principle that a reasonable inference from circumstantial evidence is to be taken most favorably to the accused when the circumstantial evidence is the only basis upon which to support a conviction and the circumstantial evidence is reasonably susceptible of two interpretations, one of guilt and the other of nonguilt, and neither inference is stronger than the other. In reversing the jury's conviction

of the defendant, the Supreme Court explained that the inference that the defendant sexually abused the resident was not stronger than the inference that the defendant fell backward onto the toilet and pulled her onto his lap to prevent her from falling onto the floor.

In *State v. Pierce*, 248 Neb. 536, 537 N.W.2d 323 (1995), though not discussing *Hulshizer*, the Nebraska Supreme Court rejected the "accused's rule," which is the principle from *Hulshizer* upon which Kyle relies. In *Pierce*, the Supreme Court "again overrule[d] those cases espousing the accused's rule as an appropriate standard of review." 248 Neb. at 548, 537 N.W.2d at 330. The Supreme Court adhered to the better rule that " 'one accused of a crime may be convicted on the basis of circumstantial evidence if, taken as a whole, the evidence establishes guilt beyond a reasonable doubt.' " *Id.* at 546, 537 N.W.2d at 329-30, quoting *State v. Evans*, 215 Neb. 433, 338 N.W.2d 788 (1983). In our view, the decision in *Pierce* rejects the principle from *Hulshizer* that Kyle seeks to invoke.

However, Kyle also contends that "[t]here was no evidence offered to show whether either party to this alleged incident was sexually gratified or aroused by what happened." Brief for appellant at 4. Citing *State v. Berkman*, 230 Neb. 163, 430 N.W.2d 310 (1988), the State correctly responds that in proving "sexual contact," as defined in § 28-318(5), the State need not prove sexual arousal or gratification, but only circumstances and conduct which could be construed as being for such purpose.

Kyle also argues that "[t]he record does not indicate that [the State's witness] caught the children performing any sex acts of any sort or that the children made any attempt to conceal what was happening." Brief for appellant at 4. The evidence is un - disputed that Kyle intentionally touched S.S.' penis. The only question is whether that conduct "can be reasonably construed as being for the purpose of sexual arousal or gratification of either party."

We agree that the conduct cannot be reasonably construed as being for the purpose of sexual arousal or gratification of S.S., who was only 5 years of age. Whether Kyle's action can be reasonably construed as being for the purpose of his own sexual arousal or gratification is a more difficult question. In *McGalliard*

*v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991), the Supreme Court of Arkansas defined "sexual gratification" as, paraphrased, something that pleases the sexual organs or gratifies the libido. The court construed the words in accordance with their reasonable and commonly accepted meanings. Later, in *Farmer v. State*, 341 Ark. 220, 223, 15 S.W.3d 674, 676 (2000), the court noted its previous holdings that "it is not necessary for the State to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act." The court also observed that "it is difficult to know for certain in this day and age what is sexually gratifying to another person. Indeed, short of a confession or physical evidence, sexual gratification, like intent, is rarely capable of proof by direct evidence and must usually be inferred from the circumstances." *Id.* at 224, 15 S.W.3d at 677. Accord *State v. Berkman, supra* (intent is mental process and may be inferred from words and acts of defendant and from circumstances surrounding incident).

In several cases considering factual situations similar to the case before us, an Illinois appellate court refused to automatically make the same inference of sexual gratification where the actor was a child rather than an adult. Three cases illustrate the reasoning, which depends heavily upon the particular circumstances of each case.

The Illinois court first considered the situation in *In re A.J.H.*, 210 Ill. App. 3d 65, 568 N.E.2d 964, 154 Ill. Dec. 743 (1991). In that case, the trial court adjudicated a 13-year-old girl, A.J.H., based upon a finding that she committed an act of aggravated criminal sexual abuse against a 5-year-old boy she babysat. At the hearing, the prosecutor asked the boy to demonstrate on a doll what A.J.H. had done to him, and in response, the boy put his thumb and middle finger in the penis area of the doll and moved them back and forth. The prosecutor asked the boy to demonstrate how long A.J.H. had her hand on the boy's penis, and the court noted for the record a time of about 4 to 5 seconds. The boy testified that after the touching, A.J.H. told him not to tell anyone. A.J.H. denied touching the boy's private parts. The appellate court noted that the applicable statute defined "sexual conduct" as

"any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." Ill.Rev.Stat.1989, ch. 38, par. 12-12(e).

*In re A.J.H.*, 210 Ill. App. 3d at 71, 568 N.E.2d at 968, 154 Ill. Dec. at 747. In reversing the conviction, the appellate court stated:

[I]t is not justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult. Here, [A.J.H.] was 13 years old, and the alleged victim was five. Even accepting [the alleged victim's] allegations as true, we cannot reasonably infer from [A.J.H.'s] actions that she intended sexually to gratify or arouse [the alleged victim] or herself. Without such evidence, an essential element of the crime is missing.

*In re A.J.H.*, 210 Ill. App. 3d at 72, 568 N.E.2d at 968, 154 Ill. Dec. at 747.

The Illinois appellate court recently considered the same issue in *In re Matthew K.*, 355 Ill. App. 3d 652, 823 N.E.2d 252, 291 Ill. Dec. 242 (2005). At the time of the alleged offense in that case, Matthew K. was 12 and the alleged victim, A.L., was 8 years old. A.L. testified that she and Matthew played a game called " 'survival' " in Matthew's bedroom, for which game Matthew set the rules, *id*. at 653, 823 N.E.2d at 253, 291 Ill. Dec. at 243; that Matthew told the other children present to leave and then return in 5 minutes; and that Matthew touched A.L.'s private parts when her pants were down. When A.L. told Matthew that his sliding his finger tickled, Matthew told her to cover her mouth. Matthew then gave A.L. a " 'tongue massage,' " wherein he put his mouth to her mouth and wiggled his tongue. *Id*. at 654, 823 N.E.2d at 253, 291 Ill. Dec. at 243. According to A.L., Matthew did not remove his clothing, make any special noises, or threaten A.L., although he did tell her to keep the incident a secret. A child psychiatrist testified that Matthew was socially immature and that Matthew's actions could be better understood as those of a 10-year-old. The doctor opined that Matthew had no interest in becoming sexually aroused and that Matthew told

the doctor that Matthew "wanted to see what it felt like." 355 Ill. App. 3d at 654, 823 N.E.2d at 254, 291 Ill. Dec. at 244. After the trial court found Matthew guilty of aggravated criminal sexual abuse, Matthew appealed, alleging that the State failed to prove beyond a reasonable doubt that Matthew acted with the intent to sexually gratify or arouse.

 In reaching its conclusion that the State failed to prove that Matthew acted with the purpose of sexual gratification or arousal, the *In re Matthew K.* court discussed several prior cases on the issue, including *In re A.J.H.*, 210 Ill. App. 3d 65, 568 N.E.2d 964, 154 Ill. Dec. 743 (1991). In *In re E.R.E.*, 245 Ill. App. 3d 669, 614 N.E.2d 1367, 185 Ill. Dec. 682 (1993), a 12-year-old boy was adjudicated for touching the vagina of a 6-year-old over her clothes and telling the victim not to tell anyone. The boy testified and denied touching the victim. The appellate court held that the State failed to prove the sexual gratification element and reversed the adjudication. In *In re Donald R.*, 343 Ill. App. 3d 237, 796 N.E.2d 670, 277 Ill. Dec. 584 (2003), a 16-year-old boy was adjudicated for exposing his penis to a 6-year-old girl and having her touch his penis. The boy admitted exposing his penis to the girl, but he denied that the girl touched his penis, voluntarily or otherwise. On appeal, the *In re Donald R.* court concluded that a fact finder reasonably could have inferred from the circumstantial evidence that the minor boy had the required state of mind. The *In re Matthew K.* court stated that *In re A.J.H.* and *In re E.R.E.* had greater appli - cability because the 16-year-old minor in *In re Donald R.* was significantly closer to adulthood than the offenders in *In re A.J.H.* and *In re E.R.E.* The *In re Matthew K.* court further stated:

> [A]n inference of sexual gratification was reasonable in *Donald R.*, while the same inference, without any evidence of intent, is unreasonable here. As our analysis of these cases implies, the issue of intent of sexual gratification in minors must be determined on a case-by-case basis. There can be no bright-line test. The fact finder must consider all of the evidence, including the offender's age and maturity, before deciding whether intent can be inferred.

*In re Matthew K.*, 355 Ill. App. 3d 652, 656-57, 823 N.E.2d 252, 256, 291 Ill. Dec. 242, 246 (2005).

■ Similarly, the Court of Appeals of North Carolina has stated:

> [W]e hold that without some evidence of the child's maturity, intent, experience, or other factor indicating his purpose in acting, sexual ambitions must not be assigned to a child's actions. Adults can and should be presumed to know the nature and consequences of their acts; this is not always the case with children. . . .
>
> We are not asked to and do not hold that a nine year old is incapable of acting for the purpose of arousing or gratifying his sexual desires. We have no evidence on this question. We do not believe, however, that the State may rest on an allegation of the act alone between, for example, a four year old and a one year old, to infer sexual purpose. We hold that the element "for the purpose of arousing or gratifying sexual desire" may not be inferred solely from the act itself under [the "Indecent liberties between children" statute].

*In re T.S.*, 133 N.C. App. 272, 277, 515 S.E.2d 230, 233 (1999).

With regard to the age factor, a California appellate court reasoned in *In re Jerry M.*, 59 Cal. App. 4th 289, 69 Cal. Rptr. 2d 148 (1997), that the closer a minor approaches the age of 14, the more likely the minor understands the wrongfulness of his or her acts. In addition to the factor of the defendant's age, that court stated:

> Circumstances which have been considered relevant to proving intent to satisfy sexual desires include: the charged act, extrajudicial statements, the relationship of the parties, other acts of lewd conduct, coercion or deceit used to ob-tain the victim's cooperation, attempts to avoid detection, offering of a reward for cooperation, a stealthy approach to the victim, admonishment of the victim not to disclose the occurrence, physical evidence of sexual arousal and clandestine meetings.

*Id.* at 299, 69 Cal. Rptr. 2d at 153.

In concluding that the prosecution failed to sustain its burden of proof, the *In re Jerry M.* court was persuaded by many factors, including: The defendant was 11 years old, there was no evidence that the defendant had reached puberty, there was no evidence that the defendant was sexually aroused, each of the minor

victims knew the defendant, the conduct occurred in public during the daytime and in the presence of others, there was no attempt to prolong the touching beyond the initial momentary contact, and there was no admonishment to the victims to not disclose the incident. The *In re Jerry M.* court stated:

> The record shows Jerry was a brazen 11-year-old whose conduct was more consistent with an intent to annoy and obtain attention than with sexual arousal. Under these circumstances Jerry was perhaps guilty of battery . . . but the record does not support a true finding beyond a reasonable doubt of conduct intended sexually to exploit a child—the "gist" of [the statute pertaining to felony lewd touching of a victim under 14 years of age].

59 Cal. App. 4th at 300, 69 Cal. Rptr. 2d at 154.

We agree with the Illinois appellate court that no bright-line rule applies regarding the age of the child actor. In the instant case, Kyle pulled down S.S.' pants, grabbed S.S.' penis, and made a remark to the other children about the small size of the penis. There may have been another charge that would not have required that the conduct be for the purpose of sexual arousal or gratification; however, as charged in this case, the State had the burden to prove beyond a reasonable doubt that Kyle's actions could be reasonably construed as being for such purpose.

The State's only witness testified that he did not know whether it appeared that Kyle was seeking sexual gratification. There is no evidence that Kyle was sexually aroused, and we are left looking to the circumstantial evidence in an attempt to glean Kyle's intent. Significantly, the act occurred outside during the daytime, in the presence of others, and lasted approximately 2 seconds. While Kyle's subsequent nonverbal response manifested an attempt to convey the impression that he had been doing nothing wrong, given that Kyle's actions were wrong on a more basic level, as an offensive touching contrary to the common law, Kyle's response does not provide sufficient proof that Kyle's conduct was for the purpose of his sexual gratification.

It would be very easy to construe Kyle's conduct as being for the purpose of humiliating, bullying, or annoying S.S. Although some jurisdictions criminalize sexual contact for the purpose of humiliating or degrading a person, Nebraska does

not. See, Conn. Gen. Stat. Ann. § 53a-65(3) (West 2001); D.C. Code Ann. § 22-3001(9) (2001); Mich. Comp. Laws Ann. § 750.520a(n)(ii) (West 2004); Mont. Code Ann. § 45-2-101(67)(a) (2005); N.J. Stat. Ann. § 2C:14-1(d) (West 1995); Wis. Stat. Ann. § 940.225(5)(b)(1) (West 2005). See, also, Colo. Rev. Stat. Ann. § 18-3-401(4) (West 2004) ("for the purposes of sexual arousal, gratification, or abuse"); Me. Rev. Stat. Ann. tit. 17-A, § 251(1)(D) (West Cum. Supp. 2004) ("or for the purpose of causing bodily injury or offensive physical contact"); Md. Code Ann., Crim. Law § 3-301(f) (2002) ("or for the abuse of either party"); R.I. Gen. Laws § 11-37-1(7) (2002) ("for the purpose of sexual arousal, gratification, or assault"); Wyo. Stat. Ann. § 6-2-301(a)(vi) (Michie 2005) ("touching, with the intention of sexual arousal, gratification or abuse"). It is a function of the Legislature and not of this court to include within the definition of "sexual contact" conduct which can reasonably be construed as being for the purpose of humiliation or abuse. Because the Nebraska definition does not include such conduct and because, upon our de novo review, we cannot find that Kyle's conduct can reasonably be construed for the purpose of sexual arousal or gratification, we find that the State failed to satisfy its burden of proving the elements of the offense beyond a reasonable doubt.

## CONCLUSION

Although we find that the trial court did not abuse its discretion in excluding an exhibit which was only partially admissible, we conclude that there was insufficient evidence to support the adjudication. Accordingly, we must reverse the adjudication and remand the cause with direction to dismiss the petition.

REVERSED AND REMANDED WITH
DIRECTION TO DISMISS.