# IN RE JASON S.[1]
## (AC 29565)

Bishop, Harper and Beach, Js.

Argued May 21—officially released October 13, 2009

[1] In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Annacarina Jacob*, senior assistant public defender, for the appellant (respondent).

*Eileen F. McCarthy*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *John D. Capozzi II*, juvenile prosecutor, for the appellee (petitioner).

*Opinion*

HARPER, J. The respondent, a minor child, appeals from the judgment of the trial court adjudicating him a delinquent for having committed the crimes of sexual assault in the fourth degree in violation of General Statutes (Rev. to 2005) § 53a-73a (a) (1) (A)[2] and risk of injury to a child in violation of General Statutes § 53-21 (a) (2).[3] On appeal, the respondent claims that the court improperly found that he had acted with the mental state necessary for the commission of sexual assault in the fourth degree.[4] We affirm the judgment of the trial court.

The court found the following relevant facts. On the evening of October 2, 2006, the respondent, then fourteen years and three months old, and E, then six years

[2] General Statutes (Rev. to 2005) § 53a-73a (a) provides in relevant part: "A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ."

[3] General Statutes § 53-21 (a) provides: "Any person who . . . (2) has contact with the intimate parts . . . of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . ."

[4] The respondent does not claim that the court improperly found that he had committed the crime of risk of injury to a child.

old, were visiting H at her home.[5] The respondent told H that he and E were going to play in her bedroom. Subsequently, the respondent told E to ask H for permission to close the door. At the time, E was wearing a T-shirt and boxer shorts. After E returned to the bedroom, he shut the door. The respondent then pulled E's boxer shorts down and touched his penis with his hands and mouth. The respondent also asked E to "lick his throat." H opened the bedroom door, surprising the boys. H saw E on the floor, with his legs spread apart and his boxers down near his ankles. The respondent was lying on the floor with his head between E's legs. H reacted strongly and, within minutes, chaos erupted. She asked the respondent and E what they were doing. The respondent maintained that they were practicing karate. H ordered the respondent and E to go to the living room. Subsequently, A[6] arrived at H's home, and she and H confronted the respondent. A and H both testified that the respondent admitted that he had touched E's genitals and said that "[t]he devil got into me."

On November 29, 2006, a petition was filed in the Superior Court for Juvenile Matters alleging that the respondent was a delinquent for having committed sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2),[7] sexual assault in the fourth degree in violation of § 53a-73a (a) (1) (A) and risk of injury to a child in violation of § 53-21 (a) (2). The court acquitted the respondent of sexual assault in the first degree, concluding that it could not find beyond a reasonable doubt that the penetration element of that

---

[5] The respondent is E's uncle. H is the respondent's grandmother and E's great-grandmother.

[6] A is the respondent's sister and E's mother.

[7] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

offense had been established. The court then noted that "[s]exual assault in the fourth degree requires that [the respondent] intentionally subjected [E] to sexual contact" as it is defined under § 53a-73a (a) (1) (A) and that "[E] is obviously under fifteen years of age." Crediting the testimony of E, H and A, the court found that the petitioner had proven beyond a reasonable doubt that the respondent had committed sexual assault in the fourth degree.

The court further found that "[the respondent] is also charged with risk of injury to a [child] under § 53-21 (a) (2). And that is contact with the intimate part of a person under the age of . . . sixteen. And again, for the reasons set forth . . . crediting the testimony of [E], [A] and [H], the court finds that the [petitioner] has proven its case of risk of injury to a [child]."

On September 14, 2007, the respondent filed a motion for a new trial, claiming, inter alia, that there was insufficient evidence presented to support a finding that he had committed either crime at issue. On September 27, 2007, the court denied that motion. On January 25, 2008, the respondent was committed to the custody of the commissioner of children and families for four years, execution suspended, and placed on probation until his eighteenth birthday.[8] This appeal followed. Additional facts will be set forth as necessary.

The respondent claims that there was insufficient evidence to convict him of sexual assault in the fourth degree because the petitioner failed to prove that his contact with E's intimate parts was for the purpose of the respondent's sexual gratification. We do not agree.

_____

[8] As a special condition of probation, the court prohibited the respondent from having any unsupervised contact with any children more than two years younger than himself and prohibited him from having any contact with E.

"In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"We note that the [finder of fact] must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the [finder of fact] to conclude that a basic fact or an inferred fact is true, the [finder of fact] is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . .

"Moreover, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . . In evaluating evidence, the [finder] of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The [finder of fact] may draw whatever inferences from the evidence or facts established by the evidence that it deems to be reasonable and logical. . . .

"Finally, [a]s we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable

doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the [finder of fact], would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [finder of fact's finding] of guilty." (Internal quotation marks omitted.) *State* v. *Montoya*, 110 Conn. App. 97, 101–103, 954 A.2d 193, cert. denied, 289 Conn. 941, 959 A.2d 1008 (2008).

With this standard in mind, we turn now to the elements of sexual assault in the fourth degree. General Statutes (Rev. to 2005) § 53a-73a (a) provides in relevant part that "[a] person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ." General Statutes § 53a-65 (3) defines "[s]exual contact" to include "any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person. . . ." General Statutes § 53a-65 (8) defines "[i]ntimate parts" to include "the genital area . . . ."

Additionally, "[i]t is well established that the question of intent is purely a question of fact. . . . Intent may be, and usually is, inferred from the defendant's verbal or physical conduct. . . . Intent may also be inferred from the surrounding circumstances. . . . The use of inferences based on circumstantial evidence is necessary because direct evidence of the accused's state of mind is rarely available. . . . Intent may be gleaned from circumstantial evidence such as . . . the events leading up to and immediately following the incident.

. . . Furthermore, it is a permissible, albeit not a necessary or mandatory, inference that a defendant intended the natural consequences of his voluntary conduct." (Internal quotation marks omitted.) *State* v. *Saez*, 115 Conn. App. 295, 302–303, 972 A.2d 277, cert. denied, 293 Conn. 909, 978 A.2d 1113 (2009). Thus, to sustain a conviction in this case, the petitioner was required to present sufficient evidence to prove beyond a reasonable doubt that the respondent had contact with E's genital area for the purpose of sexual gratification or for the purpose of degrading or humiliating him. This court has held that a fact finder may infer from evidence of a respondent's contact with the intimate parts of a victim that the respondent acted for the purpose of sexual gratification.[9] See, e.g., *State* v. *Montoya*,

[9] The respondent urges us to follow the rulings of courts from other jurisdictions that have held that fact finders should not, without additional circumstantial evidence, infer that minor defendants who engaged in conduct of a sexual nature acted for the purpose of sexual gratification. See *In re D.H.*, 381 Ill. App. 3d 737, 886 N.E.2d 1209, leave to appeal denied, 229 Ill. 2d 622, 897 N.E.2d 252 (2008), in which an Illinois appeals court reasoned that the "[i]ntent to arouse or satisfy sexual desires may be established by circumstantial evidence, which the trier of fact may consider in inferring defendant's intent from his conduct. . . . [T]he issue of intent of sexual gratification in minors must be determined on a case-by-case basis. There can be no bright-line test. . . . When the accused is an adult, a fact finder can infer that an accused intended sexual gratification. . . . However, it is not justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult." (Citations omitted; internal quotation marks omitted.) Id., 741; see also *In re Randy S.*, 76 Cal. App. 4th 400, 405, 90 Cal. Rptr. 2d 423 (1999) ("[t]he trier of fact must find a union of act and sexual intent . . . and such intent must be inferred from all the circumstances beyond a reasonable doubt" [internal quotation marks omitted]), review denied, 2000 Cal. LEXIS S084647 (Cal. February 23, 2000); *In re Matthew K.*, 355 Ill. App. 3d 652, 655, 823 N.E.2d 252 (court could not infer that twelve year old engaging in sexual conduct intended sexual gratification; rather, whether child acted with intent to sexually gratify himself had to be decided on all of evidence, including offender's age and maturity), leave to appeal denied, 215 Ill. 2d 597, 833 N.E.2d 3 (2005); *In re Kyle O.*, 14 Neb. App. 61, 72, 703 N.W.2d 909 (2005) (court considered circumstantial evidence to glean minor defendant's intent); *In re T.S.*, 133 N.C. App. 272, 276, 515 S.E.2d 230 ("[W]e do not believe that intent to arouse or gratify sexual desires may be inferred in children under the same standard

supra, 110 Conn. App. 103 (holding that defendant's contact with victim's genitals was evidence of intent to commit sexually gratifying act).

Here, the respondent, who was E's uncle and eight years his senior, sought to play in H's bedroom alone with E, with the door closed. Thereafter, he touched E's genitals with his hands and mouth and asked E to "lick his throat." H discovered the respondent and E in what can only be described as a blatantly sexual act. After the respondent was discovered, he initially lied about his conduct, claiming that he and E were practicing karate. When the respondent subsequently admitted that he had touched E's genitals, he claimed that "[t]he devil got into [him]." The secretive and sexual nature of the respondent's actions, the private location of the incident, the respondent's request that E lick his throat and the respondent's initial denial of the conduct, which reflected an attempt to evade being caught in any wrongdoing, are all factors that support an inference that he acted for the purpose of sexual gratification. Moreover, no evidence was offered to show that the respondent, aged fourteen at the time of the incident, was either physically or emotionally incapable of acting for the purpose of sexual gratification. Having reviewed all of these facts in the light most favorable to sustaining the court's finding, we conclude that the evidence supported the finding that the respondent acted for the purpose of sexual gratification.

The judgment is affirmed.

In this opinion the other judges concurred.

used to infer sexual purpose to adults. . . . [A] lewd act by adult standards may be innocent between children, and unless there is a showing of the child's sexual intent in committing such as act, it is not a crime"), review denied, 351 N.C. 105, 540 N.E.2d 751 (1999).

Our analysis and resolution of the issue before us is consistent with these decisions because, here, we have relied on ample circumstantial evidence offered by the petitioner to support a finding that the respondent acted for the purpose of sexual gratification. Our analysis of the respondent's intent is not based solely on the evidence that he had touched E's genitals.