STATE OF NEBRASKA, APPELLEE, V.
DAVID LEE QUINTANA, APPELLANT.
633 N.W.2d 890

Filed April 20, 2001.   Nos. S-99-1249, S-99-1250.

John H. Marsh, of Knapp, Fangmeyer, Aschwege, Besse & Marsh, P.C., for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

This matter is before us on a motion for rehearing filed by appellant, David Lee Quintana, regarding our opinion reported at *State v. Quintana, ante* p. 38, 621 N.W.2d 121 (2001). Quintana asserts this court erred in determining that the trial court's Confrontation Clause error was harmless beyond a reasonable doubt. Although the motion for rehearing is overruled, for the sake of clarity and completeness, we modify the opinion as discussed below.

In that portion of the opinion designated "Analysis," under the subheading "Harmless Error," the third full paragraph, *id.* at 50-51, 621 N.W.2d at 132-33, is withdrawn. In its place, the following is inserted:

It is against this less than compelling "damaging potential" of the excluded cross-examination testimony that we must consider whether this Confrontation Clause violation constitutes harmless error. As discussed below, we conclude that the error was harmless.

In determining whether the error was harmless, the court must consider this question, Had the jury known of Cash's arrest on July 30, 1999, and subsequent release and the circumstances surrounding these facts, would the inferences drawn from such information regarding the credibility of Cash's testimony have materially influenced the jury in reaching its verdict, in view of the entire record? See *State v. Johnson,* 255 Neb. 865, 587 N.W.2d 546 (1998), citing *Olden v. Kentucky,* 488 U.S. 227, 109 S. Ct. 480, 102 L. Ed. 2d 513 (1988), and *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986). In other words, we must determine whether a reasonable jury would have received " ' "a significantly different impres-

sion of [the witness'] credibility had [defense counsel] been permitted to pursue his proposed line of cross-examination." ' " *Id.* at 872, 587 N.W.2d at 551, quoting *Olden, supra,* and *Van Arsdall, supra.* Because Cash was the only witness who testified that Quintana and Rodriguez planned to rob Baumann when they confronted him, the jury necessarily determined that Cash's testimony was credible in finding Quintana guilty.

The record shows that during cross-examination, defense counsel vigorously attacked Cash's credibility. Defense counsel pointed out that contrary to Cash's testimony at trial, in a previous deposition, Cash had testified that Quintana and Rodriguez had no plan to do anything to Baumann other than "maybe beat the guy for a while." Cash explained what he meant by his earlier testimony was that there was no clear plan to kill Baumann. Defense counsel also pointed out that in addition to the deposition testimony, Cash previously testified at two preliminary hearings and at a previous trial without ever mentioning any plan to rob Baumann.

During Cash's cross-examination, the court also made a point of admonishing the jury, stating that

> there has been some evidence that you've heard concerning this particular witness having allegedly been making statements that may be inconsistent with his testimony today in court. This information about the prior statements is brought to your attention for the purposes of helping you decide if you believe the witness as he has testified in court today and, if so, how much you should rely upon his testimony. If you believe that he said something different earlier, then it would be up to you to decide if what he said today in court was true.

In view of the entire record, we conclude the fact that the jury was precluded from considering Cash's arrest and release did not materially influence the jury in finding Quintana guilty. Accordingly, the trial court's error in restricting the cross-examination of Cash was harmless beyond a reasonable doubt.

In addition to the above changes, under the subheading "Failure to Grant Mistrial," in the third sentence of the third full paragraph, *ante* at 62, 621 N.W.2d at 140, the phrase "previously robbing Baumann and" is withdrawn. The rest of the opinion shall remain unmodified.

FORMER OPINION MODIFIED. MOTION FOR REHEARING OVERRULED.