IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

MALCHOW V. MICHAELSEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JOY MALCHOW, APPELLANT,
V.
MARY MICHAELSEN, APPELLEE.

Filed October 28, 2014.    No. A-13-762.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Terrence J. Salerno and Joseph B. Muller for appellant.

Dan H. Ketcham, Dain J. Johnson, and James C. Boesen, of Engles, Ketcham, Olson & Keith, P.C., for appellee.

MOORE, Chief Judge, and IRWIN and PIRTLE, Judges.

PIRTLE, Judge.

## INTRODUCTION

Joy Malchow appeals from a jury verdict in the district court for Douglas County awarding Malchow damages for injuries sustained in a motor vehicle accident with Mary Michaelsen. Malchow takes issue with the court's failure to strike certain jurors for cause, refusal to admit into evidence an exhibit containing all her medical bills, and failure to direct a verdict in favor of Malchow finding that she was injured as a result of the accident. Based on the reasons that follow, we affirm.

## BACKGROUND

On May 6, 2010, Malchow filed a complaint against Michaelsen alleging that Michaelsen was negligent in the operation of her motor vehicle on January 18, 2007, and that such negligence caused physical injury to Malchow. Michaelsen admitted in her amended answer that her negligence was the sole proximate cause of the accident.

- 1 -

Trial was held in March 2013. Prior to the start of trial, the parties stipulated that the medical expenses Malchow incurred were fair and reasonable. No stipulation was made regarding whether the medical expenses were necessary as a result of the January 18, 2007, accident.

Malchow presented evidence from several medical professionals, including Kevin Kosak, a chiropractor; Dr. Michael O'Neil, an orthopedic surgeon asked by Michaelsen to do an independent medical examination of Malchow; John Woodward, a physical therapist; and Dr. Kurt Gold, a physical medicine and rehabilitation specialist. Malchow also testified. During her testimony, she was shown and asked to identify exhibit 17, which contained copies of Malchow's medical bills and a page summarizing the bills from various providers and the total of all expenses. Michaelsen objected to the admission of the exhibit based on a lack of foundation, and the objection was sustained. Malchow's counsel then asked to read the stipulation between the parties regarding medical bills into evidence, which the court allowed. The stipulation was that Malchow's medical expenses totaling $23,634.79 were fair and reasonable.

Michaelsen presented deposition testimony from three medical professionals, including Dr. John Aita, a neurologist; Dr. John McClellan, a spinal surgeon; and Dr. O'Neil.

At the close of all the evidence, Malchow moved for a directed verdict on the issue of liability and damages. Specifically, Malchow requested that the court direct a verdict in her favor on the issue of whether she suffered an injury as a result of the January 18, 2007, accident. Michaelsen's counsel argued that a directed verdict was not appropriate because there was testimony from several medical professionals to support a conclusion that Malchow did not sustain an injury from the accident. The court partially denied the motion for directed verdict, stating that it found as a matter of law that Michaelsen was negligent in the operation of her vehicle and that such negligence was the proximate cause of the accident. The court refused to grant a directed verdict regarding the issue of whether Malchow sustained an injury as a result of the accident.

Accordingly, the jury was instructed to determine whether Malchow was injured in the accident and, if so, the extent and nature of her injuries and damages. The jury returned a verdict in favor of Malchow, awarding her $10,000 in damages, and judgment was rendered on the jury's verdict. Malchow subsequently filed a motion for new trial, which the trial court denied.

ASSIGNMENTS OF ERROR

Malchow assigns that the trial court erred in (1) failing to strike certain jurors for cause; (2) sustaining Michaelsen's objection to exhibit 17, thereby not allowing any of Malchow's medical bills into evidence; (3) failing to redact or conditionally admit exhibit 17 subject to additional proof; and (4) failing to direct a verdict in favor of Malchow that she was injured as a result of the accident.

STANDARD OF REVIEW

The decision to retain or reject a juror is a matter of discretion with the trial court. *Schindler v. Walker*, 256 Neb. 767, 592 N.W.2d 912 (1999). Thus, the trial court's decision to retain or reject a juror is reviewed for an abuse of discretion. *Id.*

A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion. *Sturzenegger v. Father Flanagan's Boy's Home*, 276 Neb. 327, 754 N.W.2d 406 (2008). To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about such evidence admitted or excluded. *Worth v. Kolbeck*, 273 Neb. 163, 728 N.W.2d 282 (2007).

A directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is, when an issue should be decided as a matter of law. *Credit Bureau Servs. v. Experian Info. Solutions*, 285 Neb. 526, 828 N.W.2d 147 (2013).

ANALYSIS

*Trial Court's Failure to Strike*
*Prospective Jurors.*

Malchow first assigns that the trial court erred in refusing to strike three prospective jurors for cause. All three were removed with peremptory challenges.

Following the completion of voir dire, Malchow's counsel moved to strike three jurors, K.E., L.J., and J.L., for cause as each had expressed confusion or concern about applying the burden of proof as articulated to them by Malchow's attorney. Specifically, each of the three jurors indicated they would have difficulty reaching a verdict or decision on an issue if they were only 52-percent sure on how that particular issue should be resolved. Following additional questioning and explanation by Michaelsen's counsel, the court, and Malchow's counsel, including the explanation of the burden of proof standard in terms of "greater weight of the evidence," all three jurors indicated that they would be able to apply the law as instructed. Specifically, K.E. indicated that he would do what was "regulated by the law" based on the instructions given by the court. L.J. advised that she would be able to set aside personal feelings and apply the evidence presented to the applicable law. J.L. indicated that she would be able to follow the law as it is given and apply the facts and evidence to the law.

The decision to retain or reject a juror is a matter of discretion with the trial court. *Schindler v. Walker, supra.* The record shows that although the three prospective jurors initially expressed confusion or concern about Malchow's burden of proof, all three were effectively rehabilitated by the court and Michaelsen's counsel, and that therefore, there was no abuse of discretion by the court in not striking the three prospective jurors for cause.

Furthermore, even if the court had erred in refusing to strike the three prospective jurors at issue, such error would have been harmless. The erroneous overruling of a challenge for cause will not warrant reversal unless it is shown on appeal that an objectionable juror was forced upon the challenging party and sat upon the jury after the party exhausted his or her peremptory challenges. *State v. Quintana*, 261 Neb. 38, 621 N.W.2d 121 (2001), *modified on denial of rehearing* 261 Neb. 623, 633 N.W.2d 890. K.E., L.J., and J.L. were all dismissed pursuant to peremptory challenges, and no objectionable juror was forced upon Malchow. Consequently, Malchow cannot show that she suffered any prejudice by the court's refusal to strike three prospective jurors for cause. This assignment fails.

*Exhibit 17--Medical Bills.*

Malchow next assigns that the trial court erred in sustaining Michaelsen's objection to exhibit 17, thereby not allowing any of Malchow's medical bills into evidence. Michaelsen objected to exhibit 17 on the ground that it lacked the necessary foundation because there was not sufficient evidence to show that the medical bills were necessary as a result of the injuries Malchow sustained from the accident. Although Michaelsen stipulated that the medical expenses were fair and reasonable, she did not stipulate that they were necessitated by the accident.

Although litigants may stipulate that a plaintiff's medical expenses are fair and reasonable costs or charges, to recover the stipulated expenses as damages in a negligence action, the plaintiff must prove that the defendant's conduct was the proximate cause of the medical expenses. *Renne v. Moser*, 241 Neb. 623, 490 N.W.2d 193 (1992).

Exhibit 17 contained all the medical bills that Malchow attributed to the accident at issue. The bills were from 12 different medical providers, and the exhibit listed the totals for each provider as well as the overall total. As set forth above, exhibit 17 was offered during Malchow's testimony. When asked to identify exhibit 17, Malchow replied, "[T]hose look like the doctors and facilities that treated me and then the dollar amount that they charged." She was then asked if the exhibit reflected all the bills for the treatments she received as a result of the accident, to which she responded, "I guess. I haven't added them up. I don't - but I'm assuming that that's the total, yes." At that point, Malchow's counsel offered exhibit 17 into evidence, Michaelsen objected to the exhibit as lacking foundation, and the objection was sustained.

At the time exhibit 17 was offered into evidence, in addition to Malchow's testimony, there had been medical testimony from Dr. Gold, Kosak, Woodward, and Dr. O'Neil, and Malchow's medical records from Dr. Gold, Kosak, Woodward, and Dr. Gregory Hutteger had been admitted into evidence. Malchow argues that the testimony and the information in the records established that the medical expenses reflected in exhibit 17 were necessary as a result of the injuries sustained by Malchow in the accident. Michaelsen argues, on the other hand, that at the time exhibit 17 was offered into evidence, only a portion of the medical bills were supported by evidence indicating they were necessary.

Malchow relies heavily on the testimony of Dr. Gold in support of her argument that there was sufficient foundation for exhibit 17. Dr. Gold testified in his deposition that the injuries he treated Malchow for subsequent to the January 18, 2007, accident were caused by the accident. He treated Malchow between August 2, 2007, and March 2009 and stated that his treatment and recommendations for continued care were necessary to address Malchow's injuries from the accident. Dr. Gold further testified that in assessing and diagnosing Malchow, he had examined some of her medical records of treatment she sought prior to treating with him. He testified that he believed the medical and chiropractic care, the massage treatment, the neurology evaluation, and the orthopedic evaluation that Malchow received up to the time of his care were necessary as a result of her injuries from the accident.

However, despite Dr. Gold's testimony about medical care being necessary as a result of the accident, he indicated in his deposition that he had only reviewed "some" of Malchow's medical records in regard to treatment she received prior to treating with him and that he did not state what specific medical records he reviewed. In addition, there is no indication that he reviewed medical records from providers Malchow visited subsequent to treating with Dr. Gold.

Further, Dr. Gold was never shown exhibit 17 for his review and opinion as to the medical bills' necessity. There was no testimony from him to tie the medical treatment he believed was necessary as a result of the accident to the medical bills in exhibit 17. Thus, Dr. Gold's testimony regarding the necessity of Malchow's medical treatment was insufficient to establish foundation supporting the admission of exhibit 17.

Malchow also argues that the testimony and records of Kosak, Malchow's chiropractor, and Woodward, her physical therapist, provided the necessary foundation to admit exhibit 17 into evidence. Kosak testified that in his opinion, the treatment he provided Malchow between January 18, 2007, and May 30, 2008, was necessary as a result of injuries she suffered in the January 18, 2007, accident. His testimony also established that as part of his treatment, it was necessary to refer her to a neurologist and an orthopedist.

Woodward testified that the physical therapy he provided Malchow between February 2007 and February 2008 was necessary to improve Malchow's strength and function in her neck and to improve her pain level.

Neither Kosak nor Woodward were shown exhibit 17, or the bills within exhibit 17 that related to their treatment, and they did not provide any testimony to connect their treatment of Malchow to any of the medical bills in exhibit 17. Consequently, Kosak's and Woodward's testimony and records did not provide adequate foundation for the admission of exhibit 17.

Even if the testimony and records of Dr. Gold, Kosak, and Woodward provided evidence that Malchow's medical bills associated with these providers were necessary as a result of the accident, these bills are only part of the medical bills found within exhibit 17. The medical bills Malchow claimed totaled $23,634.79. The bills from Dr. Gold, Kosak, and Woodward were $1,668, $6,001, and $8,738.56, respectively. Exhibit 17 was only offered once, and in its complete form. Because adequate testimony as to the necessity of all the medical bills contained in exhibit 17 was not provided by the witnesses and/or the medical records, the court did not abuse its discretion in sustaining Michaelsen's foundation objection.

Furthermore, even if the court had erred in excluding exhibit 17, such error was harmless. To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about such evidence admitted or excluded. *Worth v. Kolbeck*, 273 Neb. 163, 728 N.W.2d 282 (2007). Malchow's counsel read the stipulation relating to the fairness and reasonableness of the medical expenses into evidence which contained Malchow's total claimed medical expenses, as well as individual breakdowns for each medical provider. Malchow's counsel also stated Malchow's total claimed damage amount several times during his closing argument. Thus, the jury was informed of the medical expenses Malchow claimed were a result of the accident. It was up to the jury to determine what amount of these expenses were necessitated by the accident.

Malchow further argues that even if foundation was lacking for the entirety of exhibit 17, the trial court should have admitted it in a redacted form by having counsel take out the bills that were not supported by the evidence, or should have conditionally admitted it subject to additional proof. As previously stated, Malchow offered exhibit 17 into evidence on only one occasion, and it was offered in its entirety. Malchow did not offer exhibit 17 into evidence in a redacted form, nor did she request that it be conditionally admitted. She also never made a formal offer of proof of the exhibit. If an exhibit is admissible only in part, it is incumbent on the

offeror to select and offer only the admissible part; if one offers both the admissible and inadmissible parts, the trial court may reject the entire offer. *In re Interest of Kyle O.*, 14 Neb. App. 61, 703 N.W.2d 909 (2005). Because Malchow did not make a formal offer of proof of the exhibit, did not offer a redacted version of exhibit 17, or did not request that it be admitted on a conditional basis, we find that the trial court did not err in failing to do so on its own accord.

*Motion for Directed Verdict.*

Malchow next assigns that the trial court erred in failing to direct a verdict in favor of Malchow finding that she was injured as a result of the accident. The issue went to the jury after the court refused to direct a verdict on that issue.

A directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is, when an issue should be decided as a matter of law. *Credit Bureau Servs. v. Experian Info. Solutions*, 285 Neb. 526, 828 N.W.2d 147 (2013). We conclude that there was no error in the court's refusal to direct a verdict because there was conflicting medical evidence as to whether Malchow suffered an injury as a result of the accident.

## CONCLUSION

We conclude that the trial court did not err in failing to strike three potential jurors for cause, in sustaining Michaelsen's objection to the admission of exhibit 17 containing all of Malchow's medical bills, and in failing to direct a verdict in favor of Malchow on the issue of whether she was injured as a result of the accident. Having found no merit to Malchow's assignments of error, the judgment of the district court is affirmed.

AFFIRMED.