# Illinois Official Reports

## Appellate Court

---

### *In re M.H.*, 2019 IL App (3d) 180625

---

| | |
|---|---|
| Appellate Court Caption | *In re* M.H., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.H., Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-18-0625 |
| Filed | April 9, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 17-JD-353; the Hon. Paula A. Gomora, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Amber Hopkins-Reed, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justices O'Brien and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    Respondent M.H. was found delinquent and made a ward of the court after the trial court found him guilty of criminal sexual abuse of E.D., an 8-year-old girl, when he was 11 years old. The trial court sentenced M.H. to 24 months of probation and imposed various probation conditions, including requiring him to register as sex offender and barring him from accessing social media. On appeal, M.H. contends that (1) the evidence was insufficient to support his conviction, (2) the trial court erred in admitting prior statements of E.D. at the adjudicatory hearing, (3) the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2016)) and Sex Offender Community Notification Law (730 ILCS 152/101 *et seq.* (West 2016)) are unconstitutional as applied to him, and (4) barring him from accessing social media was unreasonable. We reverse, holding that the State failed to present sufficient evidence to support M.H.'s conviction for criminal sexual abuse.

¶ 2                    I. BACKGROUND

¶ 3    In August 2017, when M.H. was 16 years old, the State filed a petition for a finding of delinquency and an adjudication of wardship under the Juvenile Court Act of 1987 (705 ILCS 405/5-101 *et seq.* (West 2016)). The petition alleged that M.H. committed criminal sexual abuse in that he "knowingly placed his penis on the vaginal area of [E.D.] for the sexual gratification of the minor" in violation of section 11-1.50(a)(2) of the Criminal Code of 2012 (720 ILCS 5/11-1.50(a)(2) (West 2016)). The petition alleged that the conduct occurred "between January 1, 2013 and December 31, 2013." The State later amended its petition to allege that the conduct took place "between May 1, 2012 and December 1, 2012."

¶ 4    In December 2017, the State filed a notice of its intention to offer prior statements made by E.D. at the adjudicatory hearing as hearsay exceptions, pursuant to section 115-10 of Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-10 (West 2016)). The two statements the State sought to introduce were (1) a videotaped interview of E.D. that took place on May 7, 2017, at the Will County Children's Advocacy Center and (2) testimony from E.D.'s mother, Juana, that E.D. told her approximately two years earlier that M.H. had molested her.

¶ 5    In January 2018, the trial court held a hearing pursuant to section 115-10 of the Code. At the hearing, the State presented the May 7, 2017, videotaped interview of E.D. During that interview, E.D. stated that when she was 8 years old and in fourth grade, she was "raped" by E.D., who was 11 years old. She said the incident started when M.H. told her he was curious and wanted to know what females look like "down there." M.H. persuaded E.D. to go into her mother's bedroom and take off her pants to show him the bottom half of her body. E.D. said "more sexual things" took place, including her being "raped" by M.H. She said that M.H. attempted "whatever an 11-year-old perceives sex as" to her vagina and anus. She thought she was lying on her back when M.H.'s penis touched her vagina and thought she was lying on her stomach when his penis touched her anus. She did not know if M.H.'s penis entered her vagina or anus and did not remember what his penis felt like. She said that M.H. did not ejaculate. She said she told her mother about the abuse when she was 10 years old.

¶ 6    At the hearing, E.D.'s mother, Juana, testified that E.D. told her approximately two years earlier that M.H. had "molested" her in E.D.'s bedroom when he was living with them. At one point, E.D. used the word "rape" and told Juana "he did it to the front and to the back." The next day, Juana called M.H.'s mother, Ana, who is also Juana's sister. Ana and M.H. went to

Juana's house, and M.H. denied that the incident occurred. Juana said she did not report the incident because she did not want to break up her family. According to Juana, E.D. later told her principal about the incident, and the principal called Juana and discussed it with her. E.D. later told a teacher, who reported it to the Illinois Department of Children and Family Services (DCFS).

¶ 7 After the hearing, the trial court ruled that both of the statements the State sought to introduce as hearsay exceptions were admissible at M.H.'s adjudicatory hearing.

¶ 8 The adjudicatory hearing was held in March 2018. At the hearing, Juana provided testimony consistent with her testimony at the section 115-10 hearing, stating that when E.D. was approximately 11 years old, she told Juana that M.H. had "molested her."

¶ 9 E.D. was born in June 2004. At the time of the adjudicatory hearing, she was 13 years old. She said that when she was "about eight years old," M.H. "raped" her. She testified that M.H. was 10 to 12 years old at the time. She explained that she and M.H. were in the upstairs hallway of her home when he said he was curious about seeing a girl naked. She and M.H. then went into her mother's bedroom, and they each took off their own pants. The next thing she remembers is lying on her stomach on her mother's bed. M.H. got on top of her and touched his penis to her vaginal area from behind. This lasted "not even a few minutes." After that, they both got dressed and left the bedroom.

¶ 10 E.D. testified that she did not tell anyone after the incident because she "didn't know what had happened was wrong." She said M.H. told her, "this is something everybody does, people feel good about this." As she got older and heard about "safe touches" in fifth grade, she discovered that what M.H. did "wasn't okay." She believes the incident "most likely" happened the summer before she entered the fourth grade.

¶ 11 M.H., who was born in February 2001 and was 17 years old at the time of the adjudicatory hearing, testified that he never molested, raped, or inappropriately touched E.D. His sister testified that her family and E.D.'s family used to be close, going on vacations and attending family gatherings together, but that their relationship deteriorated a few months before the adjudicatory proceeding began. M.H.'s mother, Ana, testified that M.H., E.D., and their sisters all shared the same bed when they spent the night at Bear Lodge in 2012 and Key Lime Cove in 2013. E.D. never complained about sharing a bed with M.H. Juana agreed that her children and Ana's children spent the night in the same hotel room at Bear Lodge in 2012 and Key Lime Cove in 2013, but denied that M.H. and E.D. shared the same bed.

¶ 12 In March 2018, the trial court found M.H. guilty of criminal sexual assault. The court made M.H. a ward of the court and sentenced him to 24 months of probation. The court also imposed various probation conditions, including requiring M.H. to register as sex offender and ordering him to "have no access to social media." The trial court's written order stated that M.H. "[s]hall not visit or be involved in any social media web sites such as Facebook or Twitter, etc. even with parent." M.H. filed a motion for new trial and a motion to reconsider. The trial court denied the motions, but stayed M.H.'s sex offender registration pending appeal.

¶ 13                                    II. ANALYSIS

¶ 14 In reviewing a challenge to the sufficiency of the evidence, we consider the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *In re Matthew K.*, 355

Ill. App. 3d 652, 655 (2005). "It is well settled that the State has the burden to prove every element of an offense beyond a reasonable doubt." *Id.*

¶ 15     "A person commits criminal sexual abuse if that person *** commits an act of sexual conduct and knows that the victim is unable to understand the nature of the act or is unable to give knowing consent." 720 ILCS 5/11-1.50(a)(2) (West 2016). "Sexual conduct" is defined as "any knowing touching or fondling by the victim or the accused, either directly or through clothing of *** any part of the body of a child under 13 years of age *** for the purpose of sexual gratification or arousal of the victim or the accused." 720 ILCS 5/11-0.1 (West 2016).

¶ 16     When the accused is an adult, a trier of fact can infer that the accused acted for the purpose of sexual gratification or arousal. *In re Matthew K.*, 355 Ill. App. 3d at 655. However, "it is not justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult." *In re A.J.H.*, 210 Ill. App. 3d 65, 72 (1991). The State must present sufficient evidence to show that a minor acted with the intent of sexual gratification. *In re Matthew K.*, 355 Ill. App. 3d at 655-56. Without evidence that the accused's actions were intended to sexually gratify himself or the victim, "an essential element of the crime is missing." *In re A.J.H.*, 210 Ill. App. 3d at 72.

¶ 17     "[S]exual gratification may be proven with circumstantial evidence." *In re Matthew K.*, 355 Ill. App. 3d at 656. Circumstantial evidence of sexual gratification may include the removal of clothing, heavy breathing, placing the victim's hand on the accused's genitals, an erection, or other observable signs of arousal. See *id.* at 655. Sexually explicit comments by the accused may also support a finding that the accused acted for purposes of sexual gratification or arousal. See *In re D.H.*, 381 Ill. App. 3d 737, 741 (2008).

¶ 18     "[T]he issue of intent of sexual gratification in minors must be determined on a case-by-case basis." *In re Matthew K.*, 355 Ill. App. 3d at 656-57. There is "no bright-line test." *Id.* at 657. The trier of fact "must consider all of the evidence, including the offender's age and maturity, before deciding whether intent can be inferred." *Id.* The closer the accused is to the age of majority, the more plausible it is for the court to infer that the accused acted for the purpose of sexual gratification and arousal. See *In re Donald R.*, 343 Ill. App. 3d 237, 244 (2003). Sexual conduct by 11 to 13 year olds "is more apt to be innocent than similar conduct by older minors." *Id.* at 247 (Holdridge, J., concurring).

¶ 19     According to the time period alleged in the adjudication petition, M.H. was 11 years old at the time of the incident. Because M.H. was a minor, the trier of fact could not infer that M.H. acted for the purpose of sexual gratification or arousal when he touched his penis to E.D.'s vagina. See *In re Matthew K.*, 355 Ill. App. 3d at 655; *In re A.J.H.*, 210 Ill. App. 3d at 72. Instead, the State had to present evidence that M.H. acted for such a purpose. See *In re Matthew K.*, 355 Ill. App. 3d at 655-56; *In re A.J.H.*, 210 Ill. App. 3d at 72.

¶ 20     The only evidence the State presented at the adjudicatory hearing was the act itself and M.H.'s statement to E.D. that "this is something everybody does, people feel good about this." We find this insufficient to prove that M.H. acted for the purpose of sexual gratification or arousal. There was no evidence that during the encounter with E.D., which lasted "not even a few minutes," M.H. showed any signs of sexual arousal, such as heavy breathing or an erection. E.D. expressly denied that M.H. ejaculated. There was also no evidence that M.H. placed E.D.'s hand on his penis or made any sexual references or comments to E.D. M.H.'s statement that "this is something everybody does, people feel good about this" does not

establish that M.H. acted for the purpose of sexual gratification or arousal. Rather, it shows M.H.'s immaturity and his complete lack of understanding of sex.

¶ 21 Accepting E.D.'s testimony as true, the State failed to present evidence that M.H.'s actions were motivated by anything other than preadolescent curiosity. In light of the evidence, no rational trier of fact could have found beyond a reasonable doubt that M.H. acted with the purpose of sexual gratification or arousal. Because the State failed to prove an essential element of criminal sexual abuse, we reverse M.H.'s conviction.

¶ 22                                    III. CONCLUSION

¶ 23 The judgment of the circuit court of Will County is reversed.

¶ 24 Reversed.