The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
June 16, 2022

## 2022COA65

**No. 20CA1539, *People in Interest of J.O.* — Juvenile Court — Delinquency; Crimes — Unlawful Sexual Contact — Intent — Sexual Gratification — Sexual Abuse**

In this juvenile delinquency appeal, a division of the court of appeals vacates a juvenile's adjudication for the offense of unlawful sexual contact because it concludes that the evidence was insufficient to prove beyond a reasonable doubt that the juvenile acted for the purposes of sexual gratification or abuse. In resolving the appeal, the division holds that the trier of fact must consider a juvenile's age and maturity before it can infer the requisite intent that the juvenile acted with a sexual purpose. The division also clarifies that it may not — and often will not — be appropriate for a fact finder to ascribe the same intent to a juvenile's act that one could reasonably ascribe to the same act if performed by an adult.

COLORADO COURT OF APPEALS　　　　　　　　　**2022COA65**

---

Court of Appeals No. 20CA1539
City and County of Denver Juvenile Court No. 19JD570
Honorable Pax Moultrie, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of J.O.,

Juvenile-Appellant.

---

JUDGMENT VACATED

Division IV
Opinion by JUDGE BROWN
Richman and Pawar, JJ., concur

Announced June 16, 2022

---

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Petitioner-Appellee

Megan A. Ring, Colorado State Public Defender, Mark Evans, Deputy State
Public Defender, Denver, Colorado, for Juvenile-Appellant

¶ 1    J.O. appeals his juvenile delinquency adjudication for the offense of unlawful sexual contact, contending that the evidence was insufficient to prove beyond a reasonable doubt that he acted for the purposes of sexual gratification or sexual abuse.  Because we agree, we vacate J.O.'s delinquency adjudication.

¶ 2    In resolving this appeal, we hold as a matter of first impression that the trier of fact must consider the juvenile's age and maturity before it can infer the requisite intent that the juvenile acted with a sexual purpose.  And we clarify that it may not — and often will not — be appropriate for a fact finder to ascribe the same intent to a juvenile's act that one could reasonably ascribe to the same act if performed by an adult.

## I.    Background

¶ 3    The prosecution presented the following evidence during a one-day bench trial.

¶ 4    In May 2019, at the end of the school day, eleven-year-olds J.O. and M.L. were working on a writing project.  J.O. sat next to M.L. and asked her why they were not friends anymore.  When M.L. responded that she did not want to be friends anymore, J.O. "slapped [her] on [her] boob" with "the back of his hand."

1

¶ 5      After class ended, a teacher noticed that M.L. and J.O. were "running around their lockers" and "chasing each other." The teacher testified that J.O. and M.L. were both laughing at first during the encounter, but then M.L. began to look "visibly upset." The teacher testified that M.L. yelled at J.O. to stop and leave her alone. After J.O. left, the teacher went over to M.L. and M.L. told her that J.O. had "touched her sexually" and said "sexual things." M.L. did not explain further — either then or at trial — what "sexual things" J.O. said. The teacher reported the incident to the principal.

¶ 6      Three days later, during a forensic interview, M.L. said that when she and J.O. were at the lockers, J.O. started to "move his hands" all over her body. She said that J.O. then touched her genitals with his "butt or something," which felt "weird and disturbing." J.O. touched her genitals with his hand, his "front private" touched her butt, and "his butt touched [her] butt" as he was "spinning around her."

¶ 7      M.L. said that J.O. never touched her under her clothes. At one point during the encounter, M.L. told J.O. to stop and go away.

J.O. then went to his locker, grabbed his things, and left for the day.

¶ 8 M.L. testified at trial that J.O. did not say anything to her when he was trying to touch her by her locker.

¶ 9 At the close of trial, the court entered its findings:

> [J.O.] is charged with unlawful sexual contact. The elements of that include that he unlawfully and knowingly subjected [M.L.] to sexual contact, that he knew the victim did not consent. And the Court will note that the definition of sexual contact is contact, among other things, for the purpose of sexual gratification.
>
> . . . .
>
> The Court finds that clearly there was contact, that it was unlawfully and knowingly done. . . . It was clear [M.L.] did not consent.
>
> . . . And the Court finds that it was for the purpose of sexual gratification. The Court notes the touching was not pulling her hair, touching her head, twisting an arm. It was contact in sexual parts of [M.L.]'s body. Her breast, her genital area, and her butt.
>
> So the Court finds that the People have proven all the elements of [unlawful sexual contact] beyond a reasonable doubt.

¶ 10 The court adjudicated J.O. delinquent and sentenced him to one year of probation.

## II.     Sufficiency of Evidence

¶ 11     J.O. argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he acted with the statutorily required sexual purpose.  We agree.

### A.     Standard of Review

¶ 12     The prosecution must prove every element of a charged crime beyond a reasonable doubt.  *People v. Snyder*, 874 P.2d 1076, 1080 (Colo. 1994).  "We review the record de novo to determine whether the evidence presented was sufficient in both quantity and quality to sustain a defendant's conviction."  *McCoy v. People*, 2019 CO 44, ¶ 63; *see also People in Interest of J.R.*, 216 P.3d 1220, 1221 (Colo. App. 2009) ("When reviewing the sufficiency of the evidence supporting an adjudication of juvenile delinquency, the standards are the same as those used in a criminal case.").  We must determine whether the evidence, viewed in the light most favorable to the prosecution, was both substantial and sufficient to support

the conclusion by a reasonable mind that the defendant was guilty beyond a reasonable doubt. *People v. Griego*, 2018 CO 5, ¶ 24.[1]

¶ 13    We review questions of statutory interpretation de novo. *People v. Diaz*, 2015 CO 28, ¶ 9. Our primary task is to ascertain and give effect to the intent of the General Assembly. *People v. Lovato*, 2014 COA 113, ¶ 21. We look first to the language of the statute itself, giving the words their commonly accepted meaning and avoiding a strained or forced interpretation. *Id.*

### B.    Unlawful Sexual Contact

¶ 14    Section 18-3-404(1)(a), C.R.S. 2021, provides that "[a]ny actor who knowingly subjects a victim to any sexual contact commits unlawful sexual contact if . . . [t]he actor knows that the victim does not consent." As relevant here, sexual contact includes "the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse." § 18-3-

---

[1] The People contend that J.O. did not preserve this issue, but a defendant need not raise a sufficiency of the evidence claim at trial to preserve the issue for appellate review. *McCoy v. People*, 2019 CO 44, ¶ 26.

401(4)(a), C.R.S. 2021. "Intimate parts" include genitalia, buttocks, and breasts. § 18-3-401(2).

¶ 15    On appeal, J.O. does not contend that the evidence was insufficient to establish that he knowingly touched M.L.'s clothing covering her intimate parts or that such contact was without M.L.'s consent. Instead, J.O. contends that the evidence was insufficient to establish that he acted for the purposes of sexual gratification or sexual abuse.

### C.    Sexual Gratification

#### 1.    Sexual Purpose May Not Be Inferred Solely from the Act

¶ 16    When the juvenile court found that J.O. engaged in sexual contact for the purpose of sexual gratification, it explained that the "touching was not pulling her hair, touching her head, twisting an arm. It was contact in sexual parts of [M.L.]'s body."

¶ 17    The juvenile's intent — whether he acted "for the purposes of sexual arousal, gratification, or abuse" — is a separate element from whether he touched the clothing covering the victim's intimate parts. § 18-3-401(4)(a); *Page v. People*, 2017 CO 88, ¶¶ 18-19 (identifying the elements of unlawful sexual contact as "knowingly touching the victim's intimate parts with sexual purpose and

6

knowing that the victim does not consent" and explaining that "[t]he unlawful sexual contact statute expressly requires that the defendant act with a sexual purpose"). Had the legislature intended the mere act of touching an intimate part without consent to constitute unlawful sexual contact, it would not have included the words "if that sexual contact is for the purposes of sexual arousal, gratification, or abuse" in the statutory definition of the offense. *See* § 18-3-401(4)(a); *People v. J.J.H.*, 17 P.3d 159, 162 (Colo. 2001) ("Courts should not presume that the legislature used language 'idly and with no intent that meaning should be given to its language.'") (citation omitted); *cf. A.B. v. Juv. Officer*, 447 S.W.3d 799, 806 (Mo. Ct. App. 2014) (interpreting a similarly worded statute and reasoning that, had the legislature "considered the mens rea to automatically accompany the act, it would not have specifically identified them as two separate elements in its definition of 'sexual contact'").

¶ 18     To the extent the court viewed the fact that J.O. touched the "sexual parts of [M.L.]'s body" — standing alone — as sufficient to establish that J.O. acted with the requisite purpose, it misapplied the law by conflating two elements. The statutorily required intent

cannot be inferred solely from the act of touching. *See A.B.*, 447 S.W.3d at 806 ("We are also not persuaded that *intent can be inferred from the act alone*."); *In re T.S.*, 515 S.E.2d 230, 233 (N.C. Ct. App. 1999) ("[T]he element 'for the purpose of arousing or gratifying sexual desire' may not be inferred solely from the act itself . . . .").

¶ 19    On review of a challenge to the sufficiency of the evidence, however, we are not bound by what the juvenile court articulated as the basis for its finding; rather, we must consider all the evidence to determine whether any rational trier of fact might accept it as sufficient to support a finding of guilt beyond a reasonable doubt. *See People in Interest of J.G.*, 97 P.3d 300, 302-03 (Colo. App. 2004) (finding evidence sufficient to support adjudication despite juvenile court's contrary finding on review of the magistrate's judgment).

2.    Circumstantial Evidence Required to Infer Intent in Juveniles

¶ 20    In this case, there is no direct evidence of J.O.'s intent, such as an admission by J.O. that he touched M.L. for his or her sexual gratification. But a defendant's intent can, and often must, be proved by circumstantial evidence. *People v. Taylor*, 655 P.2d 382, 384 (Colo. 1982) ("[W]e have repeatedly recognized that direct proof

of the defendant's state of mind is rarely available and, consequently, resort must necessarily be had to circumstantial evidence on this element."); *People v. Hines*, 2021 COA 45, ¶ 37 ("A jury may properly infer intent from the defendant's conduct and the circumstances of the offense."). And whether a defendant acted with the requisite mental state to sustain a conviction for unlawful sexual contact can be inferred from the nature of and the circumstances surrounding the sexual touching. *See People v. West*, 724 P.2d 623, 624, 631 (Colo. 1986) (concluding that the evidence was sufficient to sustain a finding of sexual contact where witnesses testified they twice saw the middle-aged defendant, while swimming and playing in a pool with a ten-year-old boy he met that day, deliberately place one hand on the boy's buttocks and another over the boy's genital area, each time for about five seconds, if not "for a considerably longer period of time"); *People v. McCoy*, 2015 COA 76M, ¶ 47 (concluding that where adult defendant, who claimed to be a physician, lured two victims to his home by telling them he worked in television, questioned them about their sexual histories and sexual fantasies, and physically examined them — including touching their genitals — the jury could reasonably

9

conclude that he examined the victims for the purpose of sexual gratification), *aff'd on other grounds*, 2019 CO 44.

¶ 21    J.O. does not argue that intent cannot be inferred from the circumstantial evidence surrounding the contact.  Nor does he argue that the standard for evidentiary sufficiency is age dependent.  Instead, he argues that courts cannot assume, when one child touches another child's intimate parts, that the child's intentions are the same as would be evidenced by similar acts engaged in by an adult.  In other words, he argues that "it is not justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult."  *In re M.H.*, 2019 IL App (3d) 180625, ¶ 16, 127 N.E.3d 1146, 1150 (citation omitted).

¶ 22    We are not aware of, and the parties have not cited, any Colorado precedent articulating what type or quantity of circumstantial evidence might be sufficient to prove beyond a reasonable doubt that a juvenile acted for the purpose of sexual gratification.  But several other states have addressed the issue.

¶ 23    We find *M.H.* most persuasive.  In that case, the juvenile was eleven at the time of the incident.  *Id.* at ¶ 1, 127 N.E.3d at 1147.  At trial, the prosecution presented evidence that the juvenile told

the victim, who was eight, that he was "curious about seeing a girl naked." *Id.* at ¶ 9, 127 N.E.3d at 1149. The victim testified that she and the juvenile went to her mother's bedroom and took off their pants. *Id.* The juvenile "touched his penis to [the victim's] vaginal area from behind" and told the victim that "this is something everybody does, people feel good about this." *Id.* at ¶¶ 9-10, 127 N.E.3d at 1149.

¶ 24    The appellate court acknowledged that the State could prove the juvenile acted for the purpose of sexual gratification or arousal by circumstantial evidence and identified the kinds of evidence that might suffice. *Id.* at ¶ 17, 127 N.E.3d at 1150.

> Circumstantial evidence of sexual gratification may include the removal of clothing, heavy breathing, placing the victim's hand on the accused's genitals, an erection, or other observable signs of arousal. Sexually explicit comments by the accused may also support a finding that the accused acted for purposes of sexual gratification or arousal.

*Id.* (citation omitted).

¶ 25    The court in *M.H.* instructed that the trier of fact must consider all the evidence, including the juvenile's age and level of maturity, before deciding whether intent can be inferred under the

11

circumstances. *Id.* at ¶ 18, 127 N.E.3d at 1150. And it explained that

> [t]he closer the accused is to the age of majority, the more plausible it is for the court to infer that the accused acted for the purpose of sexual gratification and arousal. Sexual conduct by 11 to 13 year olds "is more apt to be innocent than similar conduct by older minors."

*Id.* (citing and quoting *In re Donald R.*, 796 N.E.2d 670, 678 (Ill. App. Ct. 2003) (Holdridge, J., specially concurring)).

¶ 26     Given M.H.'s age — eleven at the time of the incident — the court held that "the trier of fact could not infer that M.H. acted for the purpose of sexual gratification or arousal when he touched his penis to [the victim's] vagina." *Id.* at ¶ 19, 127 N.E.3d at 1150. The only evidence the State presented to establish that M.H. had acted with the requisite purpose was the act itself and M.H.'s statements to the victim. *Id.* at ¶ 20, 127 N.E.3d at 1150-51. Rather than demonstrating that M.H. acted for the purpose of sexual gratification or arousal, the evidence "show[ed] M.H.'s immaturity and his complete lack of understanding of sex." *Id.* at ¶ 20, 127 N.E.3d at 1151. In the absence of any other evidence of the type articulated, the court concluded that the State failed to present

12

sufficient evidence that M.H. acted for the purpose of sexual gratification or arousal and reversed M.H.'s conviction. *Id.* at ¶ 21, 127 N.E.3d at 1151.

¶ 27 Courts in other jurisdictions have concluded that evidence was insufficient to establish that a juvenile acted with a sexual purpose for reasons similar to those articulated in *M.H. See, e.g., In re S.A.A.*, 795 S.E.2d 602, 605-06 (N.C. Ct. App. 2016) (reasoning that, for juveniles, sexual purpose "does not exist without some evidence of the child's maturity, intent, experience, or other factor indicating his purpose in acting," and finding that the evidence was insufficient to establish that the thirteen-year-old juvenile acted for "the purpose of arousing or gratifying sexual desire" when he wiped green liquid from a Halloween costume on the shoulders and breasts of two eleven-year-old girls (quoting *In re K.C.*, 742 S.E.2d 239, 242-43 (N.C. Ct. App. 2013))); *In re Kyle O.*, 703 N.W.2d 909, 915 (Neb. Ct. App. 2005) (collecting cases from other jurisdictions "refus[ing] to automatically make the same inference of sexual gratification where the actor was a child rather than an adult," and finding that the evidence was insufficient to establish that the twelve-year-old juvenile acted for the purpose of sexual gratification

or arousal when he pulled down the pants of a five-year-old child, grabbed the child's penis, and remarked to other children about the small size of the penis); *In re A.J.H.*, 568 N.E.2d 964, 968 (Ill. App. Ct. 1991) (holding that "it is not justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult," and finding that the evidence was insufficient to establish that a thirteen-year-old girl intended to sexually "gratify or arouse" when she put her hand on the penis of a five-year-old boy she was babysitting and told the boy not to tell anyone); *cf. In re Donald R.*, 796 N.E.2d at 676 (concluding that a reasonable fact finder *could* infer that a sixteen-year-old boy acted for the purpose of sexual gratification or arousal when he exposed his penis to a six-year-old girl and had her touch his penis, based in part on the fact that he was significantly closer to adulthood). We find these out-of-state authorities persuasive.

¶ 28 Whether a juvenile acted for the purpose of sexual gratification must be determined on a case-by-case basis. The trier of fact must consider all the relevant circumstances, including the juvenile's age and maturity, before it can infer the requisite intent. It may not — and often will not — be appropriate for a fact finder to ascribe the

same intent to a juvenile's act that one could reasonably ascribe to the same act if performed by an adult.

¶ 29    We have not been asked to and do not hold that a juvenile is not capable of acting for the purpose of sexual gratification. But there must be other evidence of the juvenile's sexual purpose beyond the sexual contact itself — for example, removing clothing, heavy breathing, placing the victim's hand on the accused's genitals, an erection, other observable signs of arousal, the relationship of the parties, sexually explicit comments, coercing or deceiving the victim to obtain cooperation, attempting to avoid detection, or instructing the victim not to disclose the occurrence. *See M.H.*, ¶ 17, 127 N.E.3d at 1150; *see also Kyle O.*, 703 N.W.2d at 917 (collecting cases that identify the types of circumstantial evidence required to establish that a juvenile acted with a sexual purpose); *In re Jerry M.*, 69 Cal. Rptr. 2d 148, 153-54 (Ct. App. 1997) (listing circumstances relevant to proving intent to satisfy sexual desires, including the age and sexual maturity of the accused minor and whether the minor has reached puberty). These examples are not exhaustive. And the presence of one or a combination of these facts may or may not be sufficient, when

considered with the totality of the evidence, to establish that a juvenile acted for the purpose of sexual gratification in a given case.

### 3. The Evidence Was Insufficient to Establish that J.O. Acted for the Purpose of Sexual Gratification

¶ 30    The People contend that the following evidence, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that J.O. acted for the purpose of sexual gratification:

- at eleven years old, J.O. was "not a young child";

- J.O. touched the clothing over three of M.L.'s intimate parts;

- M.L. told the teacher that J.O. had said "sexual things" to her in the hallway; and

- J.O. touched M.L. after he "indicated a desire for a relationship" and "was rebuffed."

¶ 31    We reject the People's characterization of the "relationship" evidence.  The only evidence presented at trial was that J.O. asked M.L. why she did not want to be friends anymore.  There was no evidence that J.O. desired a sexual or romantic relationship with M.L. or that the two had ever had that type of relationship.  The

16

"relationship" evidence in no way demonstrates that J.O.'s conduct toward M.L. was for the purpose of sexual gratification. We note that the juvenile court did not mention the nature of the relationship between J.O. and M.L. when finding that J.O. acted for the purpose of sexual gratification.

¶ 32     Even viewed in the light most favorable to the prosecution, the remaining evidence is not substantial and sufficient to support a conclusion by a reasonable fact finder that J.O. acted for the purpose of sexual gratification.

¶ 33     An eleven-year-old boy touched the clothing covering the intimate parts of an eleven-year-old girl in a classroom and in a crowded school hallway in front of classmates and at least one teacher. As noted, J.O.'s intent cannot be inferred from the act of touching alone. And the prosecution did not present other evidence from which the court could infer that J.O. acted for the purpose of sexual gratification — for example, that J.O. admitted he touched M.L. for his or her sexual gratification, removed any clothing (his or M.L.'s), placed M.L.'s hands on his intimate parts, touched M.L. in a way that mimicked sexual acts, breathed heavily, had an erection or any other observable signs of arousal, or told M.L. not to tell anyone

17

what he had done. *See M.H.*, ¶ 17, 127 N.E.3d at 1150; *A.J.H.*, 568 N.E.2d at 968.

¶ 34    True, M.L. told a teacher that J.O. had said "sexual things" to her, but M.L. never elaborated on what "sexual things" meant. Without more detail, it is speculative to conclude that the unspecified "sexual things" J.O. said revealed the requisite intent. *See People v. Sprouse*, 983 P.2d 771, 778 (Colo. 1999) ("[V]erdicts in criminal cases may not be based on guessing, speculation, or conjecture."). Although the prosecution is entitled to the benefit of every reasonable inference that may fairly be drawn from the evidence, "there must be a logical and convincing connection between the facts established and the conclusion inferred." *Clark v. People*, 232 P.3d 1287, 1292 (Colo. 2010); *see also People v. Dash*, 104 P.3d 286, 289 (Colo. App. 2004) ("More than a modicum of evidence is necessary to support a conviction beyond a reasonable doubt.").

¶ 35    There was also no indication that the juvenile court specifically considered J.O.'s age and maturity or whether the same sexual motivation could be ascribed to his conduct as would be ascribed to the conduct of an adult.  (In fairness to the juvenile

court, no published Colorado appellate decision previously instructed it to do so.)

¶ 36    We do not condone J.O.'s behavior or seek to minimize its impact on M.L.  On this record, however, we conclude that the evidence presented at trial was insufficient for a reasonable fact finder to find beyond a reasonable doubt that J.O. acted for the purpose of sexual gratification.  Consequently, we vacate J.O.'s adjudication of juvenile delinquency.

### D.    Sexual Abuse

¶ 37    Even if the evidence was insufficient for the juvenile court to have found that J.O. acted for the purpose of sexual gratification, the prosecution argues that we may affirm the juvenile court's judgment on alternative grounds — namely, that the evidence presented was sufficient for the court to have found that J.O. acted for the purpose of sexual abuse.  *See People v. Cousins*, 181 P.3d 365, 370 (Colo. App. 2007) (holding that a trial court's decision may be upheld on any ground supported by the record).

¶ 38    To subject a victim to sexual contact for the purpose of sexual abuse, the actor must act for the "purpose of causing sexual humiliation, sexual degradation, or other physical or emotional

discomfort of a sexual nature." *People v. Espinosa*, 2020 COA 63, ¶ 21. The prosecution can prove that the sexual contact was for the purpose of "abuse" — meaning "pain, injury, or discomfort" — by showing that the defendant specifically targeted the victim's intimate parts for that purpose. *Lovato*, ¶¶ 32-33.

¶ 39 The prosecution's theory of the case was that J.O. acted for the purpose of sexual gratification, not for the purpose of sexual abuse. Consequently, neither party presented evidence or argument specifically relating to sexual abuse. Still, the prosecution argues that, because the unwelcome touching occurred in a public forum — a school classroom and hallway — and caused M.L. discomfort, J.O. "sought to cause [M.L.] emotional discomfort of a sexual nature" and thus acted for the purpose of sexual abuse.

¶ 40 In support of its argument, the prosecution cites *In re Mark R.*, 757 A.2d 636, 638-39 (Conn. App. Ct. 2000), in which the court found sufficient evidence that a juvenile acted for the purpose of sexual abuse when he grabbed the victim's hands in a school hallway, pushed her against the wall, attempted to pull down her pants, smacked "the victim's buttocks more than once," and

"touched the victim's breasts inside her shirt" in front of several people. *Id.*

¶ 41    The People also cite *Kyle O.*, 703 N.W.2d at 917, where the juvenile pulled down another boy's pants, grabbed the boy's penis, and commented to other children about the small size of the boy's penis. The court in *Kyle O.* opined that it "would be very easy to construe Kyle's conduct as being for the purpose of humiliating, bullying, or annoying" the boy, but it explained that, "[a]lthough some jurisdictions criminalize sexual contact for the purpose of humiliating or degrading a person, Nebraska does not." *Id.* at 918.

¶ 42    Like the juveniles in *Mark R.* and *Kyle O.*, J.O. touched M.L. in a public setting in front of peers. But the conduct in those cases — disrobing or attempting to disrobe the victims and grabbing the victims' intimate parts unclothed or inside clothing — was more egregious. And, at least in the case of *Kyle O.*, the juvenile's comments were evidence of an intent to humiliate the victim. *Id.* at 917. As a result, we do not find these cases persuasive.

¶ 43    The prosecution presented no evidence that M.L. suffered any pain or injury from J.O.'s contact and no evidence that the emotional discomfort M.L. felt when J.O. touched her was sexual in

nature. On this record, we conclude that the evidence was insufficient for a reasonable fact finder to have found beyond a reasonable doubt that J.O. acted for the purpose of sexual abuse.

### III. Disposition

¶ 44    We vacate the delinquency adjudication.

JUDGE RICHMAN and JUDGE PAWAR concur.